## CHARLES R. KENNEDY *v.* JOHN WATSON et al.

An endorser has the whole of the day after the date of-protest, to make payment; but, if
sued on that day, and the citation is not served until after that day, the suit will not be
regarded as premature.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge, J.*
*M. M. Cohen,* for plaintiff, *J. Livingston,* for defendants. The judgment
of the court *(Eustis,* C. J., absent,) was pronounced by

PRESTON, J. The appellant is sued as endorser of a promissory note. It
was protested on the 26th of August, 1850, and notice thereof left at his boarding-
house in New Orleans, on the 27th of that month. The note was drawn at
New Orleans—of course, is payable there ; and the defendant alleges, that his
residence is in New Orleans. The protest and notice thereof in New Orleans,
therefore, fixes his liability to pay as endorser.

He plead that the suit was premature. It was-filed the 27th of August, the
day after the note was protested, because the drawer, as well as endorser, was
sued, he being then liable. But process was not served upon the endorser until
the second of September, 1850, when he also was clearly liable.

The defendant offered proof, that he resided in New Orleans, in support of his
plea that the suit was premature. The plea was a dilatory exception. 1 L. R.
420. 7 N. S. 284. And the court rejected the evidence in support of the ex-
ception, the suit being on the trial of its merits, but was willing to receive it on
the merits. Whether offered in support of the exception, or on the merits, it
tended to establish the defendant's liability to the plaintiff's claim, and no injury
was done to the defendant by its rejection.

KENNEDY
v.
WATSON.

It is true, his property was attached on the 27th of August, before he was liable to be sued, having the whole day to pay; and the evidence might have induced the court to dissolve the attachment. The attachment, however, had been disposed of on other grounds, and is not now in controversy. The evidence, under these circumstances, could not destroy the effect of the subsequent citation, after the debt was demandable by suit.

The judgment of the district court is affirmed, with costs.